### HEAP v. TREMONT & SUFFOLK MILLS.

(Circuit Court of Appeals, First Circuit. January 28, 1898.)

No. 205.

PATENTS—INFRINGEMENT—NOVELTY AND INVENTION.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by Charles Heap against the Tremont & Suffolk Mills for alleged infringement of letters patent No. 377,151, issued January 31, 1888, to Henry Nicholas Groselin, Fils, for a machine for napping cloth. The circuit court dismissed the bill on the merits (75 Fed. 406), and the complainant appealed. This court heretofore reversed the decree (82 Fed. 449), but subsequently granted a rehearing on a particular point, as indicated in the opinion below.

Dickerson & Brown, for complainant.

Wm. A. Macleod (Edmund Wetmore, of counsel), for respondent.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

PER CURIAM. This appeal was fully heard by the court, and on August 21, 1897, a judgment was entered as follows: "The decree of the circuit court is reversed, with costs, and the case remanded to that court, with directions to enter a decree for an accounting, but to deny an injunction, on the ground that the patent expired after the appeal was taken." Subsequently, the appellant filed a petition for a rehearing under rule 29 (21 C. C. A. cxxv., 78 Fed. cxxv.), on consideration of which the court entered the following order: "Ordered that the petition for rehearing filed by the complainant be so far allowed that the cause be reargued orally as to the effect, in all respects, of the French patent, dated February 16, 1881, No. 141,170, including its effect on the various claims of the patent in suit, and on infringing machines antedating the alleged expiration of said French patent." This order, of course, vacated the judgment; but, having fully heard the parties in accordance therewith, we are all of the opinion that the judgment was correct. Ordered, the judgment of August 21, 1897, is renewed, and a mandate in accordance therewith will issue forthwith.